IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 25-24190-CV-WILLIAMS**

TONYA MARTIN,

                Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., and TRANSUNION, LLC,

                Defendants.

_____/

**DEFENDANTS TRANS UNION LLC, EXPERIAN INFORMATION SERVICES, LLC, AND EQUIFAX INFORMATION SOLUTIONS, INC.'S JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE AND EMERGENCY <u>HEARING</u>**

### I.      Procedural History

Plaintiff Tonya Martin ("Plaintiff") initiated this lawsuit on August 15, 2025, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. *See* ECF No. 1-3. On September 25, 2025, Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") filed a Joint Motion to Dismiss Plaintiff's Complaint for failure to state a claim, which is hereinafter incorporated by reference. ECF No. 14.

On May 14, 2026, Plaintiff filed a Motion for Leave to and Emergency Hearing (Plaintiff's "Motion"), requesting leave to file a supplemental reply, accept the declaration and exhibits, set an expedited hearing, and grant any further relief deemed just and proper. *See* ECF No. 27.

1

## II.    Argument and Authorities

### a.  There is No Injunctive Cause of Action Under the FCRA.

In her Motion, Plaintiff states that her Motion for Temporary Restraining Order and Preliminary Injunction remains pending. ECF No. 27, at 1. However, a private plaintiff cannot seek equitable, declaratory, or injunctive relief under the FCRA. *Simmons v. Cap. One Bank, N.A.*, No. 2:09-CV-00162-HGD, 2009 WL 10688724, at *1 (N.D. Ala. June 1, 2009), report and recommendation adopted, No. 2:09-CV-00162-HGD, 2009 WL 10688723 (N.D. Ala. July 6, 2009) (noting that because 15 U.S.C. § 1681a specifically grants the injunctive power to enforce compliance with the statute to the FTC, individuals are precluded from suing for injunctive relief); *see also Jones v. Sonic Automotive, Inc., et al.*, 391 F. Supp. 2d 1064, 1065 (N.D. Ala. 2005) (Plaintiff's claim for declaratory judgment dismissed as the court held that equitable relief is not available to private individuals under the FCRA); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's ("FTC") discretion to enforce the FCRA).

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for noncompliance with the FCRA. Neither section mentions declaratory or injunctive relief. The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a). If Congress had intended to give private plaintiffs the right to seek declaratory or injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o. *Mangio*, 887 F. Supp. at 285. Accordingly, Plaintiff's claim fails as a matter of law and her request for injunctive relief should be denied.

**b. Plaintiff's Request for Leave to File a Supplemental Reply Should be Denied Because It Does Not Present New Legal Arguments.**

Plaintiff admits that she did not file a Reply to Defendants' Motion to Dismiss by the deadline but contends that she should be granted leave because "material facts have developed" since then. ECF No. 27, at ¶ 2. She claims that these material facts include loss of her business office, repeated credit denials, inability to stabilize business operations, and imminent risk of forced bankruptcy. *Id.*, at ¶ 3.

However, these "material facts" are not sufficient to necessitate the filing of a supplemental reply. *See Gilchrist v. United States*, No. 2:02CV328FTM29SPC, 2007 WL 1796266 (M.D. Fla. June 20, 2007) (stating that "supplemental briefs are to present new law, not new issues or arguments."). Plaintiff does not address new authority and instead vaguely lists events that she claims have occurred. ECF No. 27, at ¶ 3. These issues could have been raised in a timely response, yet Plaintiff has not provided any explanation as to why the purportedly new facts were not raised earlier. See *Turk v. Morris, Manning & Martin, LLP*, 661 F. Supp. 3d 1276 (N.D. Ga. 2023) (stating that unexplained delay is a reason for denying a plaintiffs' motion to amend).

Furthermore, given Plaintiff's deliberate choice to initially forego filing a timely Reply, it would be unfair to give her a "second bite at the apple" by considering her proposed supplemental reply. *See Shaw v. R.J. Reynolds Tobacco Co.*, 818 F. Supp. 1539 (M.D. Fla. 1993), *aff'd sub nom. Shaw v. Reynolds Tobacco Co.*, 15 F.3d 1097 (11th Cir. 1994). Accordingly, her Motion should be denied.

**c. Plaintiff's Request for an Expedited Hearing Should be Denied Because Plaintiff Has Not Shown Good Cause.**

3

Plaintiff also requests that the Court set an expedited hearing because "[a] live factual dispute exists regarding whether a business-designated account is being inaccurately reported as a personal consumer debt." ECF No. 27, at ¶ 6. She also claims that "without prompt intervention, Plaintiff's financial condition may deteriorate beyond recovery." *Id.*, at ¶ 7. Plaintiff does not provide any further explanation as to why an expedited hearing is necessary to prevent irreparable harm. *See generally*, *Id.* "Such a vague statement of future action does not constitute good cause for an expedited ruling." *Thompson v. Fla. Bar*, No. 07-20866-CIV, 2007 WL 9702559, at *1 (S.D. Fla. May 25, 2007).

Moreover, Defendants' Motion to Dismiss is currently pending. In assessing whether there is good cause for expedited treatment of a case, "courts should consider whether a defendant has filed a motion to dismiss that could have merit and could dispose of the entire case." *Mullane v. Almon*, 339 F.R.D. 659 (N.D. Fla. 2021); *see also*, *Walker v. MERS, Mortg. Elec. Registration Sys.*, No. 1:08-CV-0377-JEC-JFK, 2008 WL 11466088, at *2 (N.D. Ga. Aug. 21, 2008), *report and recommendation adopted sub nom. Walker v. Mortg. Elec. Registration Sys.*, No. 1:08-CV-377-JEC, 2008 WL 11466108 (N.D. Ga. Sept. 18, 2008) (stating that the plaintiff's motion for an emergency hearing "was not ripe for consideration until the court rendered a decision on Defendant's motion to dismiss.").

Lastly, in order to justify expedited treatment, the injury must be "actual and imminent." *Alabama v. United States Dep't of Com.*, 546 F. Supp. 3d 1057, 1075 (M.D. Ala. 2021). Here, Plaintiff has stated that "[w]ithout prompt intervention, [her] financial condition *may* deteriorate beyond recovery." *See* ECF No. 27, at ¶ 7 (emphasis added). Plaintiff does not demonstrate or even allege imminent harm. Instead, she alludes to the potential of harm. That is not sufficient to justify an expedited hearing.

### III.    CONCLUSION

For the foregoing reasons, the CRA Defendants respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted,

*/s/ Alexandra Vargas*

Alexandra Vargas
Florida Bar No. 0010961
Alex.vargas@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
5801 Tennyson Parkway, Suite 440
Plano, TX 75024
Telephone: (214) 560-5460
Facsimile:  (214) 871-2111
***Counsel for Trans Union LLC***

*/s/ Gary Sonnenfeld*

Gary Sonnenfeld
Florida Bar No. 53261
gary.sonnenfeld@troutman.com
**TROUTMAN PEPPER LOCKE**
1395 Brickell Avenue
Suite 800
Miami, FL 33131
Telephone: (305) 712-1572
***Counsel for Experian Information Solutions, Inc.***

*/s/ Paige Elizabeth Vacante*

Paige Elizabeth Vacante
pvacante@seyfarth.com
**SEYFARTH SHAW LLP**
233 S. Wacker Drive
Chicago, IL 60606-6448
312-460-5121
***Counsel for Equifax Information Services LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Paige Elizabeth Vacante
pvacante@seyfarth.com
Seyfarth Shaw LLP
233 S. Wacker Drive
Chicago, IL 60606-6448
312-460-5121
***Counsel for Equifax Information Services LLC***

Gary David Sonnenfeld
Gary.Sonnenfeld@troutman.com
1395 Brickell Avenue
Suite 800
Miami, FL 33131
305.712.1572
***Counsel for Experian Information Solutions, Inc.***

I hereby certify that I have sent by U.S. First Class Mail the above and foregoing document to the following non-CM/ECF participants:

Tonya Martin
1480 NW North River Drive
Apt 2116
Miami, FL 33125
***Pro Se Plaintiff***

*/s/ Alexandra Vargas*
**ALEXANDRA VARGAS**

6